E-FILED
Wednesday, 17 August, 2022 02:17:41 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

FILED

AUG 1 6 2022

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-CR-20057-001 |
| | ) | Title 18, United States Code, |
| DOMINGO FRANCISCO-JUAN, | ) | Sections 1589(a), 1589(d), 1594(a), |
| LORENZA DOMINGO-CASTANEDA, and | ) | 1594(b), 1201(a)(1), 1201(b), 1201(c), |
| CATARINA DOMINGO-JUAN, | ) | 1201(d), 1201(g), and 2. |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### I. INTRODUCTION

1.     Defendants are siblings who resided in Champaign County, Illinois. They

are originally from Guatemala.

2.     Victims 1, 2, and 3, whose identities are known to the Grand Jury, are

citizens of Guatemala. Victims 1 and 2 were both born in 2005 and were minors at all

times relevant to this Indictment.

3.     There is no familial relationship between the defendants and the victims.

### COUNT ONE
(Conspiracy to Commit Forced Labor)

1.     On or between December 2015 and January 2021, in Champaign County, in

the Central District of Illinois and elsewhere, the defendants,

**DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA,**
**and CATARINA DOMINGO-JUAN,**

did knowingly conspire and agree, with co-conspirators known and unknown to the Grand Jury, to provide and obtain the labor and services of Victim 1 by means of force, threats of force, physical restraint, and threats of physical restraint to Victim 1 and any other person; serious harm and threats of serious harm to Victim 1 and any other person; the abuse and threatened abuse of law and legal process; and any scheme, plan, and pattern intended to cause Victim 1 to believe that, if she did not perform such labor and services, she and any other person would suffer serious harm and physical restraint.

## II. OBJECT OF THE CONSPIRACY

2. The object of the conspiracy was to obtain and maintain the labor and services of Victim 1 at CATARINA DOMINGO-JUAN'S and LORENZA DOMINGO-CASTANEDA'S residences, to obtain and maintain her labor at businesses in Champaign, Champaign County, Illinois, and to compel her to give the money she earned to CATARINA DOMINGO-JUAN.

## III. MANNER AND MEANS

3. The manner and means by which the co-conspirators carried out the object of the conspiracy included, but were not limited to, the following:

> A. DOMINGO FRANCISCO-JUAN accompanied Victim 1 into the United States after falsely assuring Victim 1's mother that Victim 1 would receive a better education and opportunities within the United States if permitted to travel to the United States with him.

2

B. CATARINA DOMINGO-JUAN took custody of Victim 1, an unaccompanied minor, after falsely claiming to government officials that she was Victim 1's relative.

C. After obtaining custody and control over Victim 1, CATARINA DOMINGO-JUAN and LORENZA DOMINGO-CASTANEDA, together with others known and unknown to the Grand Jury, compelled Victim 1 to provide labor and services in and around CATARINA DOMINGO-JUAN'S and LORENZA DOMINGO-CASTANEDA'S residences, including cooking, cleaning, and childcare.

D. DOMINGO FRANCISCO-JUAN benefitted from Victim 1's labor and services because he lived in CATARINA DOMINGO-JUAN'S residence when he was in the United States, and Victim 1 was also compelled to provide cooking and cleaning for him while he lived at the residence.

E. The defendants, together with others known and unknown to the Grand Jury, compelled Victim 1 to work at jobs outside the home and provide all of her pay from those jobs to CATARINA DOMINGO-JUAN.

F. CATARINA DOMIGNO-JUAN and LORENZA DOMINGO-CASTANEDA, together with others known and unknown to the Grand Jury, isolated Victim 1 by restricting her ability to leave their homes and travel outside of their residences alone and by restricting her communication with her mother in Guatemala and others.

3

G. The defendants, together with others known and unknown to the Grand Jury, created a climate of fear by threatening Victim 1 with and subjecting her to physical, verbal, and psychological abuse.

## IV. OVERT ACTS

4. In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed and caused to be committed at least one of the following overt acts, among others, in the Central District of Illinois, and elsewhere:

5. CATARINA DOMINGO-JUAN would not allow Victim 1 to speak to her mother when Victim 1's mother called CATARINA DOMINGO-JUAN on the telephone.

6. CATARINA DOMINGO-JUAN, LORENZA DOMINGO-CASTANEDA, and DOMINGO FRANCISCO-JUAN arranged for Victim 1's jobs at multiple businesses.

7. DOMINGO FRANCISCO-JUAN arranged fraudulent work papers for Victim 1.

8. CATARINA DOMINGO-JUAN and LORENZA DOMINGO-CASTANEDA drove Victim 1 to work at multiple businesses.

9. CATARINA DOMINGO-JUAN collected Victim 1's earnings from the jobs she worked outside of her home.

10. DOMINGO FRANCISCO-JUAN, CATARINA DOMINGO-JUAN, and LORENZA DOMINGO-CASTANEDA all physical abused Victim 1.

11. CATARINA DOMINGO-JUAN stabbed Victim 1 with a knife when she did not cook food correctly.

4

12.    LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-
JUAN compelled Victim 1 to clean their houses, cook for them and their families, and
care for their children without pay.

In violation of Title 18, United States Code, Sections 1594(b) and 1589(a).

**COUNT TWO**
(Conspiracy to Commit Forced Labor)

### THE GRAND JURY FURTHER CHARGES THAT:

1.    On or between December 2018 and March 2021, in Champaign County, in
the Central District of Illinois and elsewhere, the defendants,

**LORENZA DOMINGO-CASTANEDA and
CATARINA DOMINGO-JUAN,**

did knowingly conspire and agree, with co-conspirators known and unknown to the
Grand Jury, to provide and obtain the labor and services of Victims 2 and 3 by means of
force, threats of force, physical restraint, and threats of physical restraint to Victims 2 and
3 and any other person; serious harm and threats of serious harm to Victims 2 and 3 and
any other person; the abuse and threatened abuse of law and legal process; and any
scheme, plan, and pattern intended to cause Victims 2 and 3 to believe that, if they did
not perform such labor and services, they and any other person would suffer serious
harm and physical restraint.

### I.    OBJECT OF THE CONSPIRACY

2.    The object of the conspiracy was to obtain and maintain the labor and
services of Victims 2 and 3 at CATARINA DOMINGO-JUAN'S and LORENZA
DOMINGO-CASTANEDA'S residences, to obtain and maintain their labor at businesses

5

in Champaign, Champaign County, Illinois, and to compel them to give the money they earned to LORENZA DOMINGO-CASTENADA.

## II.    MANNER AND MEANS

3.    The manner and means by which the co-conspirators carried out the object of the conspiracy included, but were not limited to, the following:

> A. The defendants, together with others known and unknown to the Grand Jury, compelled Victims 2 and 3 to provide labor and services in and around their residences, including, cooking, cleaning, and childcare.
>
> B. The defendants, together with others known and unknown to the Grand Jury, compelled Victims 2 and 3 to work at jobs outside the home and to provide all of their pay from those jobs to LORENZA DOMINGO-CASTANEDA.
>
> C. The defendants, together with others known and unknown to the Grand Jury, isolated Victims 2 and 3 by restricting their ability to leave their homes and travel outside of their residences alone, and by restricting their communications with family in Guatemala and others outside of the residences.
>
> D. The defendants, together with others known and unknown to the Grand Jury, created a climate of fear by threatening Victim 2 with and subjecting Victim 2 to physical, verbal, and psychological abuse.

6

E.  The defendants, together with others known and unknown to the Grand Jury, created a climate of fear by threatening Victim 3 with and subjecting Victim 3 to physical, verbal, and psychological abuse.

## III.  OVERT ACTS

4.  In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed and caused to be committed at least one of the following overt acts, among others, in the Central District of Illinois, and elsewhere:

5.  LORENZA CASTANEDA-JUAN would not allow Victim 2 to speak to her mother on the telephone.

6.  LORENZA CASTANEDA-JUAN arranged multiple jobs for Victim 2.

7.  CATARINA DOMINGO-JUAN arranged for Victim 2's fraudulent work papers.

8.  CATARINA DOMINGO-JUAN and LORENZA CASTANEDA-JUAN drove Victim 2 to work.

9.  LORENZA CASTANEDA-JUAN kept the earnings from Victim 2's jobs.

10.  LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-JUAN told Victim 2 that they would beat her if she every told anyone about the work and childcare she provided for them.

11.  LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-JUAN compelled Victim 2 to clean their houses, cook for them and their families, and care for their children without pay.

7

12.     CATARINA DOMINGO-JUAN locked Victim 2 in her room as punishment when Victim 2 did not follow CATARINA DOMINGO-JUAN'S instructions.

13.     LORENZA CASTANEDA-JUAN confiscated Victim 3's cell phone.

14.     LORENZA CASTANEDA-JUAN and CATARINA DOMINGO-JUAN arranged for Victim 3's jobs.

15.     LORENZA CASTANEDA-JUAN arranged for fraudulent work documents for Victim 3.

16.     LORENZA CASTANEDA-JUAN and CATARINA DOMINGO-JUAN drove Victim 3 to work.

17.     LORENZA CASTANEDA-JUAN compelled Victim 3 to provide LORENZA CASTANEDA-JUAN with all of Victim 3's pay from her jobs outside of the homes.

18.     LORENZA CASTANEDA-JUAN and CATARINA DOMINGO-JUAN physically abused Victim 3.

19.     LORENZA CASTANEDA-JUAN and CATARINA DOMINGO-JUAN removed Victim 3's child from her as punishment.

20.     CATARINA DOMINGO-JUAN attempted to force Victim 3 to drink a beer with her, and when Victim 3 refused, CATARINA DOMINGO-JUAN poured the beer on Victim 3. Victim 3 then locked herself in her bedroom before CATARINA DOMINGO-JUAN forced her way into Victim 3's bedroom and threatened her with a knife.

8

21.     LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-JUAN instructed Victim 3 to clean their houses, cook for them and their families, and care for their children without pay.

In violation of Title 18, United States Code, Sections 1594(b) and 1589(a).

## COUNT THREE
(Forced Labor)

### THE GRAND JURY FURTHER CHARGES THAT:

1.     On or between December 2015 and January 2021, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

### DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA, and CATARINA DOMINGO-JUAN,

aiding and abetting each other and others known and unknown to the grand jury, attempted to and did knowingly provide and obtain the labor and services of Victim 1 by means of force, threats of force, physical restraint, and threats of physical restraint to Victim 1 and any other person; serious harm and threats of serious harm to Victim 1 and any other person; the abuse and threatened abuse of law and legal process; and any scheme, plan, and pattern intended to cause Victim 1 to believe that, if she did not perform such labor and services, she and any other person would suffer serious harm and physical restraint.

2.     The Grand Jury further alleges that the violation included kidnapping and attempted kidnapping.

In violation of Title 18, United States Code, Sections 1589(a), 1589(d), 1594(a) and 2.

9

## COUNT FOUR
(Forced Labor)

### THE GRAND JURY FURTHER CHARGES THAT:

1. On or between May 2019 and June 2020, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

### LORENZA DOMINGO-CASTANEDA and
### CATARINA DOMINGO-JUAN,

aiding and abetting each other and others known and unknown to the grand jury, attempted to and did knowingly provide and obtain the labor and services of Victim 2 by means of force, threats of force, physical restraint, and threats of physical restraint to Victim 2 and any other person; serious harm and threats of serious harm to Victim 2 and any other person; the abuse and threatened abuse of law and legal process; and any scheme, plan, and pattern intended to cause Victim 2 to believe that, if she did not perform such labor and services, she and any other person would suffer serious harm and physical restraint.

2. The Grand Jury further alleges that the violation included kidnapping and attempted kidnapping.

In violation of Title 18, United States Code, Sections 1589(a), 1589(d), 1594(a), and 2.

10

## COUNT FIVE
(Forced Labor)

**THE GRAND JURY FUTHER CHARGES THAT:**

1. On or between December 2018 and March 2021, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

## LORENZA DOMINGO-CASTANEDA
## CATARINA DOMINGO-JUAN,

aiding and abetting each other and others known and unknown to the grand jury, attempted to and did knowingly provide and obtain the labor and services of Victim 3 by means of force, threats of force, physical restraint, and threats of physical restraint to Victim 3 and any other person; serious harm and threats of serious harm to Victim 3 and any other person; the abuse and threatened abuse of law and legal process; and any scheme, plan and pattern intended to cause Victim 3 to believe that, if she did not perform such labor and services, she and any other person would suffer serious harm and physical restraint.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

## COUNT SIX
(Conspiracy to Commit Kidnapping)

**THE GRAND JURY FURTHER CHARGES THAT:**

### I. THE CONSPIRACY

1. Paragraphs 1 through 3 of the Introduction are realleged and incorporated by reference as if fully set forth herein.

11

2.      On or between December 2015 and January 2021, in Champaign County, in

the Central District of Illinois and elsewhere, the defendants,

## DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA, and CATARINA DOMINGO-JUAN,

did knowingly conspire and agree, with co-conspirators known and unknown to the

Grand Jury, to: (1) unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry

away, Victim 1; (2) hold Victim 1 for ransom, reward, and otherwise; and (3) willfully

transport Victim 1 in interstate and foreign commerce.

## II.   MANNER AND MEANS

3.      In furtherance of the conspiracy, the defendants used the following manner

and means, among others:

> A. DOMINGO      FRANCISCO-JUAN      used      false      promises      and
> misrepresentations to inveigle Victim 1 away from her mother, promising
> Victim 1's mother that Victim 1 would be well taken care of, receive an
> education in the United States, and be provided a cell phone to keep in
> contact with her mother.

> B. DOMINGO FRANCISCO-JUAN transported Victim 1 from her home in
> Guatemala to the United States.

> C. After bringing Victim 1 to the United States, CATARINA DOMINGO-
> JUAN cut Victim 1 off from her mother in Guatemala and held Victim 1
> against her will and the will of her mother by not allowing Victim 1 to speak
> to her mother. Victim 1 was held against her will in the homes of

12

CATARINA DOMINGO-JUAN and LORENZA DOMINGO-CASTANEDA in Champaign County, Illinois, for approximately five years.

D. The defendants benefitted from holding Victim 1 against her will and the will of her parents because they received the benefit of Victim 1's labor and services, as Victim 1 worked long hours within the homes of CATARINA DOMINGO-JUAN and LORENZA DOMIINGO-CASTANEDA, as well as at businesses outside of the homes. CATARINA DOMINGO-JUAN kept all of Victim 1's pay from her jobs outside of the homes. DOMINGO FRANCISCO-JUAN received the benefit of Victim 1's compelled labor, to include cooking and cleaning, while he lived at the home of CATARINA DOMINGO-JUAN when he was in the United States.

## III.   OVERT ACTS

4.   In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed and caused to be committed at least one of the following overt acts, among others, in the Central District of Illinois, and elsewhere:

5.   On or about December 2015, DOMINGO FRANCISCO-JUAN deceived Victim 1's mother by asking her for permission to take her daughter, Victim 1, to the United States, for the purpose of getting her an education and a better life, when in fact he knew that she would work long hours at outside jobs and cook, clean, and care for CATARINA DOMINGO-JUAN'S and LORENZA DOMINGO-CASTANEDA'S children.

13

6.      On or about February 2016, DOMINGO FRANCISCO-JUAN transported Victim 1 from Guatemala across the United States border where he falsely claimed to border patrol officers that he was Victim 1's father.

7.      CATARINA DOMINGO-JUAN deceived the Department of Health·and Human Services (HHS) by telling employees that CATARINA DOMINGO-JUAN was Victim 1's aunt, thereby causing HHS to place Victim 1 in her care and custody.

8.      After Victim 1 traveled from Texas to Illinois, CATARINA DOMINGO-JUAN prevented Victim 1 from contacting her mother.

9.      From April 2016 to January 2021, CATARINA DOMINGO-JUAN and LORENZA DOMINGO-CASTANEDA compelled Victim 1 to do household chores for them, including cooking, cleaning, and childcare.

10.     DOMINGO FRANCISCO-JUAN, CATARINA DOMINGO-JUAN, and LORENZA DOMINGO-CASTANEDA physically abused Victim 1 on multiple occasions.

In violation of Title 18, United States Code, Section 1201(c) and 1201(a)(1).

**COUNT SEVEN**
(Conspiracy to Commit Kidnapping)

**THE GRAND JURY FURTHER CHARGES:**

**I.    THE CONSPIRACY**

1.      Paragraphs 1 through 3 of the Introduction are re-alleged and incorporated by reference as if fully set forth herein.

2.      On or between May 2019 and June 2020, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

14

## LORENZA DOMINGO-CASTANEDA
### and CATARINA DOMINGO-JUAN,

did knowingly conspire and agree, with co-conspirators known and unknown to the Grand Jury, to: (1) unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away, Victim 2; (2) hold Victim 2 for ransom, reward, and otherwise; and (3) willfully transport Victim 2 in interstate and foreign commerce.

## II.  MANNER AND MEANS

3.    In furtherance of the conspiracy, the defendants used the following manner and means, among others:

> A. LORENZA DOMINGO-CASTANEDA used false promises and misrepresentations to inveigle Victim 2 away from her mother, promising Victim 2's mother that Victim 2 would be well taken care of and receive an education in the United States.
>
> B. LORENZA DOMINGO-CASTANEDA arranged for Victim 2 to travel from Victim 2's home in Guatemala to the United States.
>
> C. After bringing Victim 2 to the United States, LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-JUAN cut Victim 2 off from her mother in Guatemala and held Victim 2 against her will and the will of her mother by not allowing Victim 2 to speak to her mother. Victim 2 was held against her will in the home of LORENZA DOMINGO-CASTANEDA for approximately one year.

15

D. LORENZA DOMINGO-CASTANEDA and CATARINA DOMINGO-JUAN benefitted from holding Victim 2 against her will and the will of her mother because they received the benefit of Victim 2's labor and services, as Victim 2 worked long hours within the homes of CATARINA DOMINGO-JUAN and LORENZA DOMINGO-CASTANEDA as well as at businesses outside of the home.

E. LORENZA DOMINGO-CASTANEDA compelled Victim 2 to provide LORENZA DOMINGO-CASTANEDA with all of Victim 2's pay from her jobs outside of the homes.

## III.   OVERT ACTS

4.     In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed and caused to be committed at least one of the following overt acts, among others, in the Central District of Illinois, and elsewhere:

5.     On or about May 2019, LORENZA DOMINGO-CASTANEDA deceived Victim 2's mother by asking her for permission to take her daughter, Victim 2, to the United States, for the purpose of getting her an education and a better life.

6.     On or about June 2019, LORENZA DOMINGO-CASTANEDA arranged for and caused Victim 2 to be transported from Guatemala across the United States border.

7.     LORENZA DOMINGO-CASTANEDA deceived HHS by telling HHS employees that LORENZA DOMINGO-CASTANEDA was Victim 2's sister-in-law and cousin, thereby causing HHS to place Victim 2 in her care and custody.

16

8.     After Victim 2 traveled from Arizona to Illinois, LORENZA DOMINGO-CASTANEDA prevented Victim 2 from contacting her mother.

9.     From July 2019 to June 2020, LORENZA DOMINGO-CASTANEDA compelled Victim 2 to do household chores for her, including cooking, cleaning and childcare for her children.

10.    From July 2019 to June 2020, CATARINA DOMINGO-JUAN compelled Victim 2 to do household chores for her, including cooking, cleaning, and childcare for her children.

In violation of Title 18, United States Code, Section 1201(c) and 1201(a)(1).

## COUNT EIGHT
(Kidnapping)

### THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 3 of the Introduction are re-alleged and incorporated by reference as if fully set forth herein.

2.     On or between December 2015 and January 2021, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

### DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA, and CATARINA DOMINGO-JUAN,

aiding and abetting each other and others known and unknown to the grand jury, attempted to and did willingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim 1, a minor girl, and hold Victim 1 for ransom, reward, and otherwise, and, in committing and in furtherance of the commission of the offense did willfully transport Victim 1 in interstate and foreign commerce.

17

In violation of Title 18, United States Code, Sections 1201(a)(1), 1201(b), 1201(d), 1201(g) and 2.

## COUNT NINE
(Kidnapping)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.  Paragraphs 1 through 3 of the Introduction are re-alleged and incorporated by reference as if fully set forth herein.

2.  On or between May 2019 and June 2020, in Champaign County, in the Central District of Illinois and elsewhere, the defendants,

**LORENZA DOMINGO-CASTANEDA and
CATARINA DOMINGO-JUAN,**

aiding and abetting each other and others known and unknown to the grand jury, attempted to and did willingly and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away Victim 2, a minor girl, and hold Victim 2 for ransom, reward, and otherwise, and, in committing and in furtherance of the commission of the offense did willfully transport Victim 2 in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1201(a), 1201(b), 1201(d), 1201(g), and 2.

## FORFEITURE NOTICE

1.  The charges contained in Counts One through Five are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to Title 18, United States Code, Section 1594(d).

18

2.     For their engagement in the violations alleged in Counts One through Five,

defendants,

**DOMINGO FRANCISCO-JUAN, LORENZA DOMINGO-CASTANEDA, and
CATARINA DOMINGO-JUAN,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d),

all interest in:

A. Any property, real or personal, constituting or derived from, any proceeds
   that    DOMINGO    FRANCISCO-JUAN,    LORENZA    DOMINGO-
   CASTANEDA, and CATARINA DOMINGO-JUAN obtained, directly or
   indirectly, as a result of the offenses alleged in Counts One through Five of
   this Indictment, or any property traceable to such property; and

B. Any property, real or personal, involved in, used, or intended to be used to
   commit or facilitate the commission of the offenses alleged in Counts One
   through Five of this Indictment, and any property traceable to such
   property.

All pursuant to Title 18, United States Code, Section 1594(d).

A TRUE BILL,

**s/Foreperson**

FOREPERSON

s/Kate Alexander

GREGORY K. HARRIS
UNITED STATES ATTORNEY
BDF/KA

19